IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

Civil Action No. 4:19-cv-157-D

| DIJON SHARPE, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | |
| WINTERVILLE POLICE DEPARTMENT; Officer WILLIAM BLAKE ELLIS, in his official capacity only; and Officer MYERS PARKER HELMS IV, both individually and in his official capacity, | ) | **ANSWER** |
| Defendants. | ) | |

Defendants, answering the Complaint of the Plaintiffs allege and say:

1. The allegations contained in Paragraph 1 constitute conclusory assertions that do not require a response. To the extent a response is required, these allegations are denied as stated.

2. The allegations contained in Paragraph 2 constitute conclusory assertions that do not require a response. To the extent a response is required, it is admitted that smartphones allow users to broadcast video in real-time. Except as admitted, these allegations are denied as stated.

3. The allegations contained in Paragraph 3 constitute conclusory assertions that do not require a response. To the extent a response is required, these allegations are denied as stated.

4. The allegations contained in Paragraph 4 constitute conclusions of law, to which no response is required. To the extent a response is required, it is admitted that the cases cited speak for themselves. Except as specifically admitted, these allegations are denied.

5. The allegations contained in Paragraph 5 constitute conclusions of law, to which no response is required. To the extent a response is required, it is admitted that the Fourth Circuit had not yet considered whether the right to record police during the performance of their duties is protected, nor whether such a hypothetical right would encompass the ability to live-stream. Except as specifically admitted, these allegations are denied.

6. It is admitted that the recordings of the encounter speak for themselves and are the best evidence of their contents. Except as specifically admitted, the allegations contained in Paragraph 6 are denied.

7. The allegations contained in Paragraph 7 are denied, due to a lack of information and belief.

8. The allegations contained in Paragraph 8 are admitted.

9. The allegations contained in Paragraph 9 are admitted.

10. The allegations contained in Paragraph 10 are admitted.

11. The allegations contained in Paragraph 11 are admitted.

12. The allegations contained in Paragraph 12 constitute conclusions of law, to which no response is required. To the extent a response is required, these allegations are denied.

13. The allegations contained in Paragraph 13 constitute conclusions of law, to which no response is required. To the extent a response is required, these allegations are admitted.

14. The allegations contained in Paragraph 14 constitute conclusions of law, to which no response is required. To the extent a response is required, these allegations are admitted.

15. The allegations contained in Paragraph 15 are denied, due to a lack of information and belief.

16. The allegations contained in Paragraph 16 are denied, due to a lack of information and belief.

17. The allegations contained in Paragraph 17 are denied, due to a lack of information and belief.

18. The allegations contained in Paragraph 18 are denied, due to a lack of information and belief.

19. The allegations contained in Paragraph 19 are admitted.

20. The allegations contained in Paragraph 20 are admitted.

21. It is admitted that the driver of the vehicle was on the phone at the time the officers approached the vehicle. Except as specifically admitted, the allegations contained in Paragraph 21 are denied, due to a lack of information and belief.

22. It is admitted, upon information and belief, that Plaintiff turned on his phone and began live-streaming. Except as specifically admitted, the allegations contained in Paragraph 22 are denied, due to a lack of information and belief.

23. It is admitted, upon information and belief, that Plaintiff's original Facebook Live video can be accessed at the link identified in Plaintiff's complaint. Except as specifically admitted, these allegations are denied.

24. It is admitted that the recording made by Plaintiff speaks for itself, and is the best evidence of its contents. Except as specifically admitted, the allegations contained in Paragraph 24 are denied.

25. The allegations in Paragraph 25 are admitted.

26. It is admitted that the recording made by Plaintiff speaks for itself, and is the best evidence of its contents. Except as specifically admitted, the allegations contained in Paragraph 26 are denied.

27. It is admitted that the recording made by Plaintiff speaks for itself, and is the best evidence of its contents. Except as specifically admitted, the allegations contained in Paragraph 27 are denied.

28. It is admitted that the recording made by Plaintiff speaks for itself, and is the best evidence of its contents. Except as specifically admitted, the allegations contained in Paragraph 28 are denied.

29. It is admitted that the recording made by Plaintiff speaks for itself, and is the best evidence of its contents. Except as specifically admitted, the allegations contained in Paragraph 29 are denied.

30. It is admitted that the recording made by Plaintiff speaks for itself, and is the best evidence of its contents. Except as specifically admitted, the allegations contained in Paragraph 30 are denied.

31. It is admitted that the recording made by Plaintiff speaks for itself, and is the best evidence of its contents. Except as specifically admitted, the allegations contained in Paragraph 31 are denied.

32. It is admitted that the recording made by Plaintiff speaks for itself, and is the best evidence of its contents. Except as specifically admitted, the allegations contained in Paragraph 32 are denied.

33. The allegations contained in Paragraph 33 are admitted.

34. The allegations contained in Paragraph 34 are admitted.

35. The allegations contained in Paragraph 35 are denied.

36. The allegations contained in Paragraph 36 are denied.

37. The foregoing responses are hereby incorporated into this response, as though fully set forth herein.

38. The allegations contained in Paragraph 38 are admitted, upon information and belief.

39. The allegations contained in Paragraph 39 are admitted.

40. The allegations contained in Paragraph 40 are denied.

41. The allegations contained in Paragraph 41 are denied.

42. The allegations contained in Paragraph 42 constitute conclusions of law, to which no response is required. To the extent a response is required, it is admitted that Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.. 2201(a) speak for themselves.

43. The allegations contained in Paragraph 43 constitute a prayer for relief, to which no response is required. To the extent a response is required, these allegations are denied.

44. The foregoing responses are hereby incorporated into this response, as though fully set forth herein.

45. The allegations contained in Paragraph 45 are admitted, upon information and belief.

46. The allegations contained in Paragraph 46 are admitted.

47. The allegations contained in Paragraph 47 are denied.

48. The allegations contained in Paragraph 48 are denied.

**EACH AND EVERY ALLEGATION IN THE COMPLAINT NOT SPECIFICALLY ADMITTED IS DENIED.**

### FIRST DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state valid claims against Defendants as required by Rule 12(b)(6) of the North Carolina Rules of Civil Procedure.

### SECOND DEFENSE

Defendant pleads sovereign and governmental immunity as a defense to all applicable claims asserted herein and to the extent not waived by the purchase of insurance and/or participation in a risk pool.

### THIRD DEFENSE

Defendant pleads qualified and public official immunity as a complete defense to all applicable claims asserted herein.

## FOURTH DEFENSE

Defendants plead all applicable immunities to which it is entitled by operation of law in bar of Plaintiff's rights to recover herein.

## FIFTH DEFENSE

Defendants allege that reasonable suspicion and probable cause existed for defendants' actions and conduct at all relevant times.

## SIXTH DEFENSE

Legal justification is pled as an affirmative defense in bar of Plaintiff's right to recover in this action.

## SEVENTH DEFENSE

Defendants have complied in good faith with all applicable laws and regulations and, having so complied, acted without improper motive and any injury accruing to Plaintiff, the existence of which is specifically denied, is not actionable.

## EIGHTH DEFENSE

DEFENDANTS RESERVE THE RIGHT TO AMEND THEIR ANSWER AND TO ASSERT ADDITIONAL AFFIRMATIVE DEFENSES AS THE CLAIMS OF PLAINTIFF ARE MORE FULLY DISCLOSED DURING THE COURSE OF THIS LITIGATION.

WHEREFORE, having answered each and every allegation contained in Plaintiff's Complaint, Defendants pray the Court as follows:

1. That the Plaintiff have and recover nothing from Defendants;

2. That the costs of this action be taxed against the Plaintiff;

3. For a trial by jury of all issues of fact so triable herein; and

4. For such other and further relief as the Court may deem just and proper.

Respectfully submitted, this the 3rd day of February, 2020.

HARTZOG LAW GROUP, LLP

*/s/ Dan M. Hartzog Jr.*
DAN M. HARTZOG JR.
N.C. State Bar No. 35330
E-mail: dhartzogjr@hartzoglawgroup.com
Phone/Fax: (919) 480-2450
KATHERINE BARBER-JONES
N.C. State Bar No. 44197
E-mail: kbarber-jones@hartzoglawgroup.com
Phone/Fax: (919) 424-0091
1903 N. Harrison Ave., Ste. 200
Cary, NC 27513

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

Civil Action No. 4:19-cv-157-D

| | | |
|---|---|---|
| DIJON SHARPE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WINTERVILLE POLICE DEPARTMENT; Officer WILLIAM BLAKE ELLIS, in his official capacity only; and Officer MYERS PARKER HELMS IV, both individually and in his official capacity, | ) ) ) ) ) ) | **CERTIFICATE OF SERVICE** |
| | ) | |
| Defendants. | ) | |

I hereby certify that on February 3, 2020, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

T. Greg Doucette
311 E. Main St.
Durham, NC 27701-3717
greg@tgdlaw.com
*Attorney for Plaintiffs*

This the 3rd day of February, 2020

HARTZOG LAW GROUP, LLP

*/s/ Dan M. Hartzog Jr.*
DAN M. HARTZOG JR.
N.C. State Bar No. 35330
E-mail: dhartzogjr@hartzoglawgroup.com
Phone/Fax: (919) 480-2450
KATHERINE BARBER-JONES
N.C. State Bar No. 44197
E-mail: kbarber-jones@hartzoglawgroup.com
Phone/Fax: (919) 424-0091
1903 N. Harrison Ave., Ste. 200
Cary, NC  27513