IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

Civil Action No. 4:19-cv-00157

DIJON SHARPE,
    Plaintiff,

v.

WINTERVILLE POLICE DEPARTMENT;
Officer WILLIAM BLAKE ELLIS,
in his official capacity only; and
Officer MYERS PARKER HELMS IV, both
individually and in his official capacity,
    Defendants.

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF THE ENTRY OF FINAL JUDGMENT UNDER RULE 54(B)**

The Court should enter a final judgment of dismissal of Plaintiff Dijon Sharpe's ("Mr. Sharpe" or "Plaintiff") individual capacity claim under 42 U.S.C. § 1983 against Defendant Myers Parker Helms IV ("Officer Helms") so that Mr. Sharpe may immediately appeal this Court's holding that Officer Helms is entitled to qualified immunity under that statute.

## I. INTRODUCTION

The Court's decision dismissing with prejudice Mr. Sharpe's individual capacity claim against Officer Helms (ECF No. 33) is not the end of this action. As this Court recognized in its Order dismissing the claim (Id. at 16), the Court's holding that Officer Helms is entitled to qualified immunity does not preclude Mr. Sharpe's *Monell* claims against the Town of Winterville because individual liability against Officer Helms is not required for municipal liability against Town of Winterville. The Court's dismissal of the individual capacity claim is final, however, because it is an ultimate disposition of Mr. Sharpe's First Amendment claim against Officer Helms.

There is no just reason for delay of entry of a final judgment in favor of Officer Helms on the individual capacity claim against him, because entry will serve judicial administrative interests and the principles of equity by preventing multiple trials on the same evidence and facilitating the expeditious appellate resolution of an important and recurring question of federal law. Without agreeing with the merits of the dismissal, Mr. Sharpe therefore respectfully requests that the Court direct entry of a final judgment in favor of Officer Helms pursuant to Federal Rule of Civil Procedure 54(b) by issuing an order expressly finding there to be "no just reason for delay" in the entry of judgment in favor of Officer Helms on Mr. Sharpe's individual capacity claim against him.

## II. RELEVANT FACTS

On November 3rd, 2019, Mr. Sharpe filed a verified complaint against the Winterville Police Department ("the Department"), Officer William Blake Ellis ("Officer Ellis"), and Officer Helms (collectively "Defendants"), alleging that Defendants had violated his rights under the First Amendment. ECF No. 1. Mr. Sharpe sued Officer Ellis in his official capacity only, and sued officer Helms in both his official and individual capacities. Id. On February 3rd, 2020, Defendants filed a partial motion to dismiss, seeking dismissal of the claims against the Department and Officer Helms in his individual capacity. ECF No. 15. On August 20th, 2020, the Court granted the partial motion to dismiss and dismissed Mr. Sharpe's claims against the Department and Officer Helms in his individual capacity. See ECF No. 33, at 16. The Court did not resolve Mr. Sharpe's § 1983 claims against Officers Ellis and Helms in their official capacities, which Defendants did not move to dismiss. Id. The Court noted that "Sharpe's claims against Helms and Ellis in their official capacities are functionally brought against the Town of Winterville," id. at 13, but "[g]iven that defendants did not move to dismiss the official capacity claim against the officers, the court will not dismiss the claim against the Town of

Winterville," id. at 16. "Whether this [*Monell*] claim will survive a motion for summary judgment is an issue for another day." Id.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) provides that "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties" in an action "if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).[1] "The rule attempts to strike a balance between the undesirability of more than one appeal in a single action and the need for making review available in multiple-party or multiple-claim situations at a time that best serves the needs of the litigants." *Purpose and Significance of Rule 54(b)*, 10 Fed. Prac. & Proc. Civ. § 2654 (4th ed.); Dickinson v. Petroleum Conversion Corp., 338 U.S. 507, 511 (1950) ("The liberalization of our practice to allow more issues and parties to be joined in one action … has increased the danger of hardship and denial of justice through delay if each issue must await the determination of all issues as to all parties before a final judgment can be had.").

"[I]n deciding whether there are no just reasons to delay the appeal of individual final judgments … a district court must take into account judicial administrative interests as well as the equities involved." Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8 (1980). "[B]ecause the number of possible situations [potentially calling for the entry of final judgment under Rule 54(b)] is large, we are reluctant either to fix or sanction narrow guidelines for the district courts to follow." Id. at 10-11. Thus, a "reviewing court should disturb the trial court's assessment of the equities only if it can say that the judge's conclusion was clearly

---

[1] To make this determination, the Court first must consider whether the decision at issue is a "final judgment." Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 7 (1980). Under FRCP 54(b), a decision is a "judgment" if it is "a decision upon a cognizable claim for relief," and a decision is "final" if it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." Id. (quotation omitted). Once the determination has been made that a decision is a "final judgment" for purposes of FRCP 54(b), the Court must decide whether there is any just reason for delay of entry of a final judgment. Id. at 8.

unreasonable." Id. at 10; accord Braswell Shipyards, Inc. v. Beazer E., Inc., 2 F.3d 1331, 1336 (4th Cir. 1993) ("[O]ur conventional review of the district court's Rule 54(b) certification is for an abuse of discretion.").

The Fourth Circuit has held that "[i]n determining whether there is no just reason for delay in the entry of judgment, factors the district court should consider, if applicable, include: (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; [and] (5) miscellaneous factors such as delay, economic and solvency consideration, shortening the time of trial, frivolity of competing claims, expense, and the like." Id. at 1335-36.

## IV. ARGUMENT

The Court should enter an order expressly finding that in this case there is, under Rule 54(b), "no just reason for delay" in the entry of final judgment on Mr. Sharpe's individual capacity claim against Officer Helms. All of the equitable factors identified in Braswell favor certifying the order dismissing of Mr. Sharpe's individual capacity claim against Officers Helms for immediate appeal.

*First*, "the relationship between the adjudicated and unadjudicated claims" in this case favors certification. The Court's holding that Officer Helms did not violate Mr. Sharpe's clearly established First Amendment right has an attenuated relationship to Mr. Sharpe's official capacity claims against Officers Ellis and Helms. See *When a Judgment Under Rule 54(b) Can Be Entered — Determination That There Is No Just Reason for Delay*, 10 Fed. Prac. & Proc. Civ. § 2659 (4th ed.) ("[S]ome independence between the adjudicated and unadjudicated matters is

desirable."). The Court recognized that the two claims are independent when it declined to dismiss Mr. Sharpe's official capacity claims. In particular, the Court recognized that "if Sharpe lacks a legal basis on which to proceed with [his official capacity] claims, the court may address the claims in the interests of judicial economy." ECF No. 33, at 13. But, the Court concluded that – notwithstanding the fact that Mr. Sharpe's First Amendment right was not "clearly established" – he may nonetheless be able to establish municipal liability against the Town of Winterville at summary judgment under Monell v. Department of Social Services of New York, 436 U.S. 658 (1978). See ECF No. 33, at 16. Indeed, the Court stated that proving that Officer's Helms and Ellis violated Mr. Sharpe's First Amendment rights would be relevant to, but not dispositive of, the question whether the Town of Winterville has a policy, custom, or practice that violates the First Amendment. Id. at 13-16. This distant relationship between the adjudicated and unadjudicated claims favors certification. See Barboza v. Village of Liberty, No. 13-CV-4067 (CS), 2016 WL 8653502, at *3 (S.D.N.Y. Jan. 21, 2016) (entering final judgment under Rule 54(b) where court granted summary judgment to individual officers on qualified immunity grounds in part because qualified immunity issues were "easily separable" from the remaining Monell claim against municipality).

*Second*, the fact that "the need for review" will "not be mooted by future developments in the district court" favors certification. No matter how this Court decides Mr. Sharpe's official capacity claims against Officers Ellis and Helms at summary judgment, it will not eliminate Mr. Sharpe's need for appellate review of this Court's conclusion that his First Amendment rights were not "clearly established." In light of this inevitability, allowing an immediate appeal by entering final judgment will "promote clarity and judicial efficiency in the resolution of the

issues of qualified immunity presented." McBeth v. Santi, No. 02-cv-00851-JLK-MJW (D. Colo. July 31, 2007), ECF No. 104 (granting Rule 54(b) certificate).

*Third*, the fact "that the reviewing court" will not be "obliged to consider the same issue a second time" favors certification. The court of appeals will need to resolve only once the question whether Mr. Sharpe had a clearly established First Amendment right to record and broadcast Officers Ellis and Helms in the performance of their official duties.

*Fourth*, the "absence of a … counterclaim which could result in a set-off against the judgment sought to be made final" favors certification. There are no counterclaims in this case.

*Fifth*, the so-called "miscellaneous factors" overwhelmingly favor certification in this case. Mr. Sharpe seeks not only damages in this case but "a judgment declaring Plaintiff has the right, protected by the First Amendment to the Constitution of the United States, to both (a) record police officers in the public performance of their duties and (b) broadcast such recording in real-time." ECF No. 1, at 8. He seeks that relief because, as he explained in his verified complaint, his right to record and broadcast police officers is essential to protecting him from violence at the hands of police. Id. at ¶¶ 6, 15-18. Mr. Sharpe's interest in an expeditious holding that Officer Helms violated his clearly established First Amendment rights is substantial.

Defendant Helms also has an interest in the certainty of a final judgment on the issue of qualified immunity. See Landstrom v. Ill. Dept. of Children and Family Servs., 699 F. Supp. 1270, 1283 (N.D. Ill. 1988) (dismissing claims on qualified immunity grounds and entering final judgment on dismissal in part because defendants were "entitled to the certainty and finality of a Rule 54(b) determination").

Additionally, Mr. Sharpe's First Amendment claim also involves an important recurring question of law as to which there is substantial ground for difference of opinion. Six of the

federal Circuit Courts of Appeals – the First, Third, Fifth, Seventh, Ninth, and Eleventh Circuits – have each held that recording and broadcasting police during the performance of their duties is protected by the First Amendment to the Constitution of the United States, subject to only minor limitations.[2] Where a legal question is important and recurring, and there is substantial ground for difference of opinion, the public interest in a precedential appellate decision resolving the question weighs in favor of interlocutory resolution.

Certification is also warranted here because failure to certify the interlocutory appeal could result in two trials, and the need to authorize discovery twice. The inability to pursue an immediate appeal could mean that the Court will have to conduct a first trial on Mr. Sharpe's Monell claims against the Town of Winterville. Following that trial, whatever its result, Mr. Sharpe then will be able to appeal the Court's decision dismissing his claim against Officer Helms. If this Court's dismissal is reversed on appeal, the Court will have to conduct a second trial on Mr. Sharpe's First Amendment claim against Officer Helms, and because the grounds for Monell liability in this case do not substantially overlap with the grounds for establishing Officers Helms's liability, the Court may need to reopen discovery. Thus, declining to enter final judgment now could result in two trials and two rounds of discovery. Courts have granted Rule 54(b) certificates in similar circumstances. See Weise v. Casper, 424 Fed. App'x 799, 801 (10th Cir. 2011) (observing that district court granted motion for Rule 54(b) certification where parties argued that certification was necessary to avoid excessive discovery and trial costs); Siler v. City of Kenosha, No. 17-CV-1324 (E.D. Wis. April 3, 2019), ECF No. 82, https://bit.ly/3cySRBv (granting Rule 54(b) certificate where court granted summary judgment to

---

[2] See Fields v. City of Philadelphia, 862 F.3d 353 (3rd Cir. 2017); Turner v. Lieutenant Driver, 848 F.3d 678 (5th Cir. 2017); Gericke v. Begin, 753 F.3d 1 (1st Cir. 2014); Am. Civil Liberties Union of Ill. v. Alvarez, 679 F.3d 583 (7th Cir. 2012); Glik v. Cunniffe, 655 F.3d 78 (1st Cir. 2011); Smith v. City of Cumming, 212 F.3d 1332 (11th Cir. 2000); Fordyce v. City of Seattle, 55 F.3d 436 (9th Cir. 1995).

defendant on individual capacity claim but declined to grant summary judgment to city on Monell claim because, among other reasons, "Qualified immunity is a difficult issue - would welcome any prompt guidance from Seventh Circuit")

As such, just like the Braswell court's first four factors, the miscellaneous factors also favor certification.

## V.  CONCLUSION

For the preceding reasons, this Court should direct the entry of final judgment as to Mr. Sharpe's individual capacity claim against Officer Helms.

Respectfully submitted this the   25th   day of        October       , 2020.

        THE LAW OFFICES OF T. GREG DOUCETTE PLLC

        /s/ T. Greg Doucette
        T. Greg Doucette
        North Carolina Bar No. 44351

        ATTORNEYS FOR PLAINTIFF
        311 E. Main Street
        Durham, North Carolina  27701-3717
        Phone: (919) 998-6993
        Fax:    (866) 794-7517
        Email: greg@tgdlaw.com

# CERTIFICATE OF SERVICE

The undersigned has this date served the foregoing **PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF THE ENTRY OF FINAL JUDGMENT UNDER RULE 54(B)** upon the Defendants as follows:

**To:** Dan M. Hartzog, Jr., Esq.
Katherine Barber-Jones, Esq.
HARTZOG LAW GROUP, LLP
1903 N. Harrison Avenue, Suite 200
Cary, NC 27513
Email: dhartzogjr@hartzoglawgroup.com
kbarber-jones@hartzoglawgroup.com
*Attorneys for All Defendants*
**Service by:** CM/ECF pursuant to E.D.N.C. Local R. 5.1

This the  25th  day of                          October                         , 2020.

THE LAW OFFICES OF T. GREG DOUCETTE PLLC


/s/ T. Greg Doucette
T. Greg Doucette
North Carolina Bar No. 44351

ATTORNEYS FOR PLAINTIFF
311 E. Main Street
Durham, North Carolina 27701-3717
Phone: (919) 998-6993
Fax: (866) 794-7517
Email: greg@tgdlaw.com